# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41447
Summary Calendar

United States Court of Appeals
Fif h Circuit
**FILED**
March 28, 2017
Lyle W. Cayce
Clerk

FRANKLIN JONES,

Plaintiff-Appellant

v.

CAPTAIN BUCK TAYLOR,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CV-428

Before JOLLY, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Franklin Jones, Texas prisoner # 1224452, appeals the magistrate judge's final judgment dismissing his 42 U.S.C. § 1983 claims with prejudice.[1] Jones does not challenge the magistrate judge's dismissal of his claims against Grievance Officer Joe Hernandez and Assistant Warden Maria Ramirez or his claims for monetary damages against Captain Buck Taylor in his official

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The parties consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. § 636(c).

capacity. These issues are therefore abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Instead, Jones contends that the magistrate judge erred in granting Captain Taylor's motion for summary judgment on qualified-immunity grounds. We review a grant of summary judgment *de novo*, using the same standard as that employed by the magistrate judge. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Contrary to Jones's contention, there was no genuine issue of material fact as to whether Captain Taylor placed him in handcuffs on October 17, 2013. Although Captain Taylor denied having done so in his November 10, 2013, response to Jones's grievance, Captain Taylor admitted this fact for purposes of his motion for summary judgment. Further, assuming that Jones suffered a more than de minimis injury as a result of Captain Taylor's too-tight application of the handcuffs, he has failed to present any evidence showing that Captain Taylor's actions were undertaken maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Jones's conclusory allegations that Captain Taylor's actions were objectively unreasonable and that Captain Taylor applied the handcuffs maliciously and sadistically to cause him harm are insufficient to create a genuine issue of material fact precluding a summary judgment. *See Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009); *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). These allegations are also contradicted by Jones's assertion that Captain Taylor was not consciously aware of what he was doing. Therefore, Jones has failed to show that the magistrate judge erred in granting Captain Taylor's motion for summary judgment.

AFFIRMED.